## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 18 2017, 10:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Kevin McShane | Richard L. Norris |
| Indianapolis, Indiana | Norris Choplin Schroeder, LLP |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| H.K., *Appellant,* | April 18, 2017 |
| | Court of Appeals Case No. 49A04-1606-PO-1466 |
| v. | Appeal from the Marion Superior Court |
| S.C., *Appellee.* | The Honorable Cynthia Ayers, Judge |
| | Trial Court Cause No. 49G21-1603-PO-7943 |

**Barnes, Judge.**

## Case Summary

[1] H.K. appeals the trial court's order granting an order for protection to S.C. We remand with instructions.

## Issue

H.K. raises one issue, which we restate as whether the trial court entered special findings of fact and conclusions thereon in its order for protection.

## Facts

On March 4, 2016, S.C. filed a petition for an order for protection. The trial court granted an ex parte order. H.K. requested an evidentiary hearing, and, on May 19, 2016, the trial court held a hearing in this matter. On June 3, 2016, the trial court issued a permanent order of protection. The entirety of that order states:

> Comes now the Court after having conducted a hearing on Respondent, [H.K.]'s, Petition for an Evidentiary Hearing on the Entry of an Ex Parte Order of Protection . . . [and] now finds as follows:
>
> On March 4, 2016 an Ex Parte Order of Protection ("Order") was entered in the matter of [S.C.] v. [H.K.]. The findings in that order were:
>
> *The Petitioner has shown, by a preponderance of the evidence, that stalking has occurred sufficient to justify the issuance of the Order.*
>
> *This order does not protect an intimate partner or child.*
>
> *The Respondent represents a credible threat to the safety of the Petitioner or a member of the Petitioner's household.*
>
> *The following relief is necessary to bring about a cessation of the violence or the threat of violence.*

*Order*

*The Respondent, [H.K.], is hereby enjoined from threatening to commit or committing acts of domestic or family violence, stalking or a sex offense against the Petitioner [S.C.], and [her] family or household members . . . .*

*The Respondent is prohibited from harassing, annoying, telephoning, contacting, or directly or indirectly communicating with the Petitioner.*

*The Respondent is ordered to stay away from the residence, school and place of employment of the Petitioner.*

The Court having heard the evidence on the motion, the testimony of the parties and their arguments and having been duly advised in the premises finds that the Respondent's request to vacate the Ex Parte Order of Protection is hereby **denied**.  The March 4, 2016 Order will now be made permanent in its entirety and will expire in one (1) calendar year or on June 2, 2017. Violation of the order is punishable by confinement in jail, prison, and/or a fine.

App. pp. 6-7 (emphases in original).  H.K. now appeals.

# Analysis

[4] The Indiana Civil Protection Order Act was designed to promote protection and safety for all victims of domestic or family violence in a fair, prompt, and effective manner and to prevent future domestic and family violence.  Ind. Code § 34-26-5-1.  "Protective orders are similar to injunctions, and therefore in granting an order the trial court must sua sponte make special findings of fact

and conclusions thereon." *Fox v. Bonam*, 45 N.E.3d 794, 798 (Ind. Ct. App. 2015). Similarly, Indiana Rule of Trial Procedure 52(A) states, "[t]he court shall make special findings of fact without request (1) in granting or refusing preliminary injunctions . . . ."

Here, the trial court merely quoted the sparse findings from an earlier temporary, ex parte order of protection. It did not issue its own findings based on the evidence presented during the contested hearing, nor did it adopt the earlier findings. As such, we conclude the trial court's May 19, 2016, order does not comply with the requirements of Indiana Rule of Trial Procedure 52(A) or Indiana case law. We therefore remand this matter and instruct the trial court to issue findings of fact and conclusions thereon consistent with that authority.

## Conclusion

The trial court did not make findings required by Indiana Rule of Trial Procedure 52(A) or Indiana case law. We remand and instruct the trial court to issue findings of fact and conclusions thereon. We remand.

Remanded with instructions.

Kirsch, J., and Robb, J., concur.